IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARTIN R. HUTSELL,                                                              CV-06-89-CO

            Plaintiff,                                                              FINDINGS AND
                                                                                        RECOMMENDATION
    v.

Commissioner of Social Security,

            Defendant.

COONEY, Magistrate Judge:

## INTRODUCTION

Plaintiff, Martin Hutsell brings this action for judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income under Title XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). For the following reasons, the Commissioner's final decision should be affirmed.

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

Plaintiff protectively filed applications for disability insurance benefits and supplemental security income benefits on February 21, 2003. (Tr. 74-77, 225-232). He alleged onset of disability beginning on June 10, 2002 based on chronic bronchitis, hepatitis C, and diabetes type 2. (Tr. 87). His applications were denied initially and upon reconsideration. (Tr. 31-34, 37-38, 235-238, 241-242).

Plaintiff requested a hearing before an administrative law judge (ALJ). (Tr. 39-40). On November 15, 2004, plaintiff, represented by counsel, and Bonnie Vogan, plaintiff's mother, testified at a hearing. (Tr. 243-268). On April 20, 2005, plaintiff, represented by counsel, R. Thomas McKnight, a medical expert, and Deborah LaPoint, a vocational expert, testified at a supplemental hearing. (Tr. 269-306).

On July 18, 2005, the ALJ issued a decision finding that plaintiff was not disable as he could perform other work that existed in significant numbers in the national economy. (Tr. 11-25). Plaintiff requested review of the decision, but the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (Tr. 9). 20 C.F.R. § 422.210.

Plaintiff was 43 years old at the time of the ALJ's decision. (Tr. 250). He obtained an 11th grade . (Tr. 250). Plaintiff performed past relevant work as a tractor driver, industrial truck operator, construction worker, and lawn service worker. (Tr. 250, 297). Plaintiff lasted worked on June, 10, 2002. (Tr. 87).

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §§ 423(d)(1)(A), 1382(a)(3)(A).

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. The ALJ found that, when the effects of substance abuse were considered, the severity of the claimant's combined impairments rendered him medically disabled. (Tr. 19).

If the claimant is found disabled and there is medical evidence of a substance abuse disorder, the ALJ must perform the sequential evaluation a second time to determine whether drug addiction or alcoholism "is a contributing factor material to the determination of disability." 20 C.F.R. § 416.935(a). It is a material factor when the claimant's remaining limitations would not be disabling if the claimant stopped using drugs or alcohol. 20 C.F.R. § 416.935(b). A claimant is not considered disabled if drug addiction or alcoholism is a contributing factor material to the determination of disability. 42 U.S.C. § 423(2)©); *Bustamante v. Massanari,* 262 F.3d 949, 955 (9th Cir. 2001). In such materiality determinations, the claimant bears the burden of proving that drug addiction or alcoholism is not a contributing factor material to the disability determination. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001). After performing the sequential evaluation a second time, the ALJ found that, absent the severity of the substance addiction, the claimant retained the residual functional capacity to perform other work that exists in significant numbers in the national economy, and, therefore the claimant was not disabled. (Tr. 20, 23).

3 - FINDINGS AND RECOMMENDATION

In step one, the claimant is not disabled if the Commissioner determines that the claimant is engaged in substantial gainful activity. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step one, the ALJ determined that the plaintiff had not engaged in substantial gainful activity from his alleged onset date. (Tr. 15, 24).

In step two, the claimant is not disabled if the Commissioner determines that the claimant has no "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R §§ 404.1520(c), 416.920(c). At step two in the first determination, the ALJ found that the claimant's substance abuse disorder, diabetes, hepatitis C, and personality disorder were "severe". (Tr. 19, 24). At step two in the second determination, the ALJ determined that, without the effects of the claimant's substance abuse disorder, the claimant did not suffered from only physical impairments. (Tr. 20).

In step three, the claimant is disabled if the Commissioner determines that the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(d), 416.920(d). The criteria for these listed impairments, also called Listings, are enumerated in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments). At step three, the ALJ determined that, considering the claimant's substance addiction, his impairments met the Listings. (Tr. 19). However, excluding the effects of the claimant's substance addiction, the ALJ determined that the claimant's impairments did not meet or equal a Listing. (Tr. 20, 24).

If the adjudication proceeds beyond step three, the Commissioner must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained work-related activities the claimant can still do on a regular and continuing basis, despite the limitations

4 - FINDINGS AND RECOMMENDATION

imposed by his impairments. 20 C.F.R. § 416.945(a); Social Security Ruling (SSR) 96-8p. The ALJ determined that, excluding the effects of the claimant's substance abuse disorder, the claimant retained the RFC for a modified range of medium work. (Tr. 22, 24).

In step four, the claimant is not disabled if the Commissioner determines that the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(e), 416.920(e). At step four, the ALJ determined that the claimant could not return to his past relevant work. (Tr. 23-24).

If the adjudication reaches step five, the Commissioner must determine whether the claimant can perform other work that exists in the national economy. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. § 416.920(e), (f). Here the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 U.S. at 141-42; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the Commissioner meets this burden, then the claimant is not disabled. 20 C.F.R. § 416.966. At step five, using the Medical Vocational Rules and relying on the testimony of the vocational expert, the ALJ found that the claimant could perform other work that existed in significant numbers in the national economy such as an usher or a school bus monitor. (Tr. 23-24). Therefore, the ALJ found the claimant was not disabled. (Id.).

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

5 - FINDINGS AND RECOMMENDATION

The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if the "evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40.

## DISCUSSION

**I.    The ALJ properly found substance abuse to be a material factor contributing to the claimant's disability.**

The ALJ determined that, absent the severity of the claimant's substance abuse disorder, the medical evidence indicated that the claimant suffered from physical impairments only. (Tr. 20).

**A.    The ALJ properly discredited the claimant's subjective reports.**

The ALJ may not reject a claimant's testimony about the severity of his symptoms solely because it is not corroborated fully by objective medical findings. *Cotton v. Bowen*, 799 F.2d 1403, 1407-08 (9th Cir. 1986). The ALJ may reject the claimant's testimony regarding the severity of his symptoms only by providing clear and convincing reasons for doing so. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Smolen*, 80 F.3d at 1283. The ALJ's general assertion that a claimant is not credible is insufficient. The ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill,* 12 F.3d at 918.

If the claimant produces objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of symptoms alleged, and there is no affirmative evidence of malingering, the ALJ must assess the credibility of the claimant regarding the severity of symptoms. *See Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996); *Cotton*, 799 F.2d at 1408.

The ALJ may consider: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) the objective medical evidence; (5) the location, duration, frequency, and intensity of symptoms; (6) precipitating and aggravating factors; (7) the type, dosage, effectiveness, and side effects of any medication; and (8) treatment other than medication. *See Smolen*, 80 F.3d at 1284.

At the first hearing, held on November 15, 2004, the claimant testified that:

He stopped working when he was diagnosed with diabetes and hepatis C. (Tr. 251). He gets "sweats real bad" and sleeps for two or three hours at a time. (Id.). Recently he had been suffering from "anxiety attacks a lot". (Id.). He also reported problems with nausea. (Id.).

On his good days, he did laundry and would "tinker around the house a little bit", but he could not pick-up anything heavy due to carpal tunnel syndrome. (Id. at 251-252). On bad days he mostly lies in bad all day. (Id. at 252). His diabetes was under control and he was taking anti-depressants, Lipitor for cholesterol, and using inhalers. (Id. at 253).

He started using alcohol when he was young. (Id. at 254). Prior to being diagnosed with his conditions, he would drink every day after work. (Id.). After his diagnosis he became depressed and began binge drinking. (Id.). Since then he has cut back. (Id.). He used to drink whiskey, but does not any more. (Id.). He'll go out and "have beers maybe like once a week now, that's it. (Id.). He got his alcohol use controlled to this level "within the past two or three months". (Id.). His alcohol use did not interfere with his employment. (Id.).

He usually sits around and watches t.v. all day. (Id. at 257). He'll sleep for two or three hours and then be up for two or threes hours. (Id.). On good days, he'll play with the cats, watch t.v., do laundry once a week, and talk with friends. (Id.). On bad days, he'll lay in bed all day. (Id.). He has not noticed any connection between his alcohol consumption and his bad days. (Id.).

He suffers from anxiety and is taking Fluxateam to control it, but it does not work very well. (Id.). He has not been told to see a mental health provider for his anxiety. (Id. at 258). Dr. Duffy put him on anxiety medication before. (Id.). When he suffering from anxiety he needs to get away from people and be alone. (Id.). His anxiety attacks are "hit and miss", and seem to come and go every once in a while. (Id. at 259).

His anxiety started eight years earlier, but prior to talking with Dr. Duffy he had never sought treatment. (Id). After talking with Dr. Duffy, he was put on anxiety medication and he didn't have any problems for a while. (Id.). He usually does not have anxiety attacks on his bad days because they happen when he is out doing something. (Id. at 260). His anxiety is a separate problem from how he feels physically. (Id.).

On April 20, 2005, at the second hearing, the claimant testified that:

Since November 2004, he would "occasionally drink every couple weeks or so", consuming "a few beers". (Tr. 293). He would drink a six pack about once every two weeks. (Id.). He had cut down from what he was drinking before. (Tr. 294). Dr. Diehl told him he had arthritis, not carpal tunnel, and he mentioned emphysema and glaucoma. (Id.).

He suffers from vomiting, sweats, and shakes every morning whether he drank alcohol or not. (Tr. 295). He also has depression which cause him sleep and lie down about three times a week for three or four hours at a time. (Id.). He was taking Poluxateen for his depression. (Tr. 296).

8 - FINDINGS AND RECOMMENDATION

The ALJ found that the claimant's testimony was not entirely credible. (Tr. 21). The ALJ rejected the claimant's testimony regarding anxiety attacks because the bulk of the clinical records did not demonstrate significant anxiety and/or pain not connected with substance abuse. (Id.). The medical records showed that: the claimant drank in excess, binge-type drinking; he was feeling better until he was binge drinking; despite his doctor's recommendation to quit drinking the claimant continued to drink and minimized his drinking problem; the claimant was in denial regarding his alcohol problem; the claimant declined to seek alcohol treatment claiming that he could quit if he wanted to quit; as of September 3, 2004, the claimant was still drinking alcohol; the claimant's treatments have been routine and conservative; his diabetes was treated and under excellent control; the claimant's treating physician opined that the claimant's liver condition did not preclude him from working. (Tr. 21-22). The ALJ's determinations are supported by the record, and the ALJ cited to specific records in his opinion to support his determinations. (Id.). The ALJ properly considered the medical evidence in evaluating the claimant's credibility. *See Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ also noted the claimant's activities of daily living in reports to his physicians were inconsistent with his testimony regarding his limitations. (Tr. 22). The ALJ cited to specific evidence in the record which supports his determination. (Id.). The ALJ properly considered the inconsistencies between the claimant's testimony and his reports to his physicians and the claimant's activities of daily living in discounting the claimant's testimony. The ALJ's credibility evaluation is supported by substantial evidence and should be affirmed. *See Id.*

9 - FINDINGS AND RECOMMENDATION

### B. The ALJ properly evaluated the medical evidence.

The relative weight given to the opinion of a physician depends on his or her opportunity to observe and to get to know the patient as an individual. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Generally, the opinion of a treating physician deserves more weight than that of an examining physician and a non-examining physician's opinion is given lesser weight. *Id.*; *See also Smolen*, 80 F.3d at 1285.

If a treating or examining physician's opinion is not contradicted by another physician, the ALJ may reject it for clear and convincing reasons. *Thomas v. Barnhart*, 278 F3d 947, 956-57 (9th Cir 2002). If the opinion is contradicted by another physician, the ALJ may reject it by providing specific and legitimate reasons supported by substantial evidence in the record. *Id.* at 957 (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Here, the ALJ deferred to the opinion of non-examining physician, Dr. McKnight. Dr. McKnight, a medical expert in psychology, testified at the claimant's second hearing. Tr. 278-293

Plaintiff argues that the ALJ improperly relied upon Dr. McKnight's opinion, and should not have rejected Dr. Condon's opinion regarding plaintiff's mental limitations. The claimant contends the ALJ erred in relying upon the opinion of the medical expert Dr. McKnight and in failing to credit the opinion of the claimant's examining physician Dr. Condon. Dr. Condon opined that the claimant's substance abuse "may contribute to problems with attendance, punctuality and related behaviors", but that the claimant "may be expected to have moderate to marked limitations in area[s] affected by mood problems, particularly as related to getting along with others including coworkers and supervisors in a work situation based upon the claimant's self-report of anger management issues historically. (Tr. 209).

The ALJ articulated reasons for discounting Dr. Condon's opinion.  First, Dr. Condon's opinion is based on the claimant's self-reports of anxiety and pain. (Tr. 19). The ALJ may discredit a physician's opinion when it is based upon the claimant's own accounts of his symptoms and limitations and those symptoms and limitations have been properly discounted by the ALJ.  *See Morgan*, 169 F.3d at 602.

Second, the ALJ found that Dr. Condon's opinion was inconsistent with his own mental status evaluation which showed that the claimant's cognitive skills and fund of knowledge were within normal limits, he was cooperative and doing well, and he was orientated times 3.  (Tr. 19). The Court finds the ALJ gave specific and legitimate reasons supported by substantial evidence in the record for not fully crediting  Dr. 's opinion and, thus, there is no error.  The Court finds the ALJ's determinations are based on correct legal standards and supported by substantial evidence.

### RECOMMENDATION

Based on the foregoing, the Court recommends the Commissioner's final decision be AFFIRMED and the case DISMISSED, and judgment be entered in favor of the Commissioner and dismissing this case with prejudice.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals***.  **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  *The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court.  Thereafter, the parties have ten days within which to file a response to the objections*.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de**

**novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

                                  Dated this   6   day of December, 2006.

                                  _____/s/_____
                                  John P. Cooney
                                  United States Magistrate Judge